**BLAND v. PARADICE COLONIZATION CO., Inc.** *

No. 4468.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Dimick & Hamilton and C. B. Prothro, all of Shreveport, for appellant.

George Thurber, of Shreveport, for appellee.

MILLS, Judge.

The object of this suit is to recover the sum of $1,469.11, a balance alleged to be due for money loaned defendant by plaintiff over a period from December 30, 1929, to March 9, 1931. The account shows ten distinct items, all under $500, and represented by checks which are filed in evidence. Nine of the checks are payable to plaintiff, having been given to her for salary for services rendered another corporation. They are indorsed by her in blank and bear the stamped indorsement of defendant company. The other, for $325, made by plaintiff, is payable to defendant, and bears its stamped indorsement. Plaintiff, by deposition, testifies that

---

the loans were made as alleged and that the checks were cashed by defendant. company and .the proceeds used in its business.

Defendant did not see fit to cross the interrogatories, nor did it offer any evidence in contradiction of plaintiff's testimony. The one witness placed upon the stand by it was the wife of S. I. Paradice, president of the defendant company at the time the loans were made and through whom they are claimed to have been negotiated.

Mrs. Paradice testifies that her husband became bedridden in the middle of December, 1931, growing steadily worse until his death, which occurred April 3, 1932, about six weeks after the filing of this suit.

Two defenses are urged: First, that plaintiff, being an officer, namely, secretary-treasurer, and a director of defendant company, transactions between them should bear the closest scrutiny. This is correct law, but, though plaintiff testifies she was an employee, there is no evidence offered to show that she was secretary-treasurer or a director of defendant corporation. Furthermore, even if the above doctrine were applicable, in the face of positive testimony to the contrary, courts cannot assume that a wrong has been done merely because a favorable opportunity for its perpetration existed. Fraud is never presumed.

The second defense is that defendant's objection to plaintiff's testimony and the filing of the account and canceled checks was incorrectly overruled. The objection was based upon the contention that the evidence offered was not the best; that the best evidence of the loans are the books, papers and records of defendant company; that, this evidence being in her possession as secretary-treasurer of the company, plaintiff should have made her case certain by producing these records.

As stated above, defendant has not proven by any evidence offered, that plaintiff was such officer or director of the company, or that the records were in her custody as such. Had they been, her possession as an officer was that of the company and not personal. There is nothing to show that the records were not available to defendant at the time of trial had it wished to introduce them.

We fear few creditors would get judgments against their debtors if required to prove their cases by the debtors' records.

"The rule relating to best evidence does not mean that the most satisfactory evidence, or that which in a given case might be most convincing, must always be produced. It relates to the quality or grade of the testimony rather than to its strength or quantity." Jones on Evidence, § 199.

The usual illustration is the attempted substitution of parol for documentary evidence. The rule plainly does not apply to the evidence in this case.. The evidence objected to was properly admitted.

We find no error in the judgment of the lower court, which is affirmed.